[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14184
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-22524-KMW

THOMAS ARCHER BANNON,
individually and as husband and wife,
MARGARET JOAN RANDALL,
individually and as husband and wife,

Plaintiffs - Appellees,

versus

GEICO GENERAL INSURANCE COMPANY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2018)

Before TJOFLAT, WILSON, and NEWSOM, Circuit Judges.

PER CURIAM:

GEICO General Insurance Company (GEICO) appeals the district court's order denying its renewed motion for judgment as a matter of law and its motion for a new trial after a jury verdict in favor of Thomas Bannon and Margaret Randall.  The case stems from GEICO's handling of Randall's bodily injury claim after she was seriously injured in a vehicle collision with a GEICO-insured driver.  On appeal, GEICO argues that there was not sufficient evidence presented at trial for a reasonable jury to find that it acted in bad faith.  Further, GEICO argues that the district court abused its discretion during the trial by admitting irrelevant evidence, testimony, and argument.  After a thorough review of the parties' briefs and the record, we affirm.

## I.

We review de novo a renewed motion for judgment as a matter of law. *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001). Judgment is properly entered in the defendant's favor as a matter of law when no reasonable jury could have found for the plaintiff, or in other words, when there is insufficient evidence to prove an element of the plaintiff's claim.  *Collado v. United Parcel Service, Co.*, 419 F.3d 1143, 1149 (11th Cir. 2005).

We review for abuse of discretion a district court's denial of a motion for a new trial.  *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).  A district court abused its discretion if it applied an erroneous legal standard or committed a clear

error of judgment. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007). A new trial is warranted if a ruling the district court made during trial was inconsistent with substantial justice. *Christopher v. Florida*, 449 F.3d 1360, 1366–67 (11th Cir. 2006).

## II.

## A.

A reasonable jury could have found for the plaintiff based on the evidence presented at trial. Under Florida law, the insurer's good faith is examined under the totality of the circumstances. *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004). Our focus is on the insurer's actions in fulfilling its obligations to the insured. *Id.* at 677. "For when the insured has surrendered to the insurer all control over the handling of the claim, . . . the insurer must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured." *Id.* at 668–69.

Here, the evidence presented was more than enough for a jury to find that GEICO acted in bad faith. The evidence showed that the vehicle collision occurred on October 27, 2010, GEICO was notified of the collision on November 2, 2010, and that GEICO did not tender an offer to settle at the policy limit of $250,000 until November 22, 2010. By November 4, GEICO knew that Randall was airlifted from Key West to Miami with a severe brain injury and that the police

3

report indicated that the driver of the car that hit Randall, Melissa Servold, whom GEICO insured, failed to yield the right-of-way.  It also knew at that time that Bannon and Randall had the same address.  By November 5 GEICO knew that Randall had been in a coma for ten days.  GEICO made a determination on November 5 that Servold was 100% at fault.  With this evidence, a reasonable jury could have concluded that by November 5 the cost of the medical expenses and non-economic damages merited a tender of the $250,000 policy limit.

Further, GEICO's own expert said that by November 10 GEICO had expected that it would offer the $250,000 policy limit to resolve the case.  By November 11 GEICO knew that Randall was still in a coma, had a catastrophic face injury, was undergoing brain surgery, and that she had a feeding tube and could not breathe on her own, but it still did not offer to tender the $250,000 policy limit.  GEICO knew that Bannon was Randall's husband, but did not offer the $250,000 at that time.  Randall and Bannon's expert testified that Randall's face injury alone would cost more than $250,000 to remedy.  Then, on November 15, GEICO interviewed eyewitness Becky Klapil who said that Servold did not have her car lights on, that she came out of nowhere, and that Servold was attempting to make an illegal left-hand turn.  On November 18, Bannon told a GEICO field representative that he was meeting with an attorney, and on November 22, GEICO offered the $250,000 policy limit.

A reasonable jury had enough evidence to conclude that GEICO acted in bad faith. Thus, we will not disturb the district court's denial of GEICO's renewed motion for judgment as a matter of law.

B.

The district court also did not abuse its discretion in denying GEICO's motion for a new trial. GEICO argues that the district court should not have admitted evidence, testimony, and argument pertaining to the consent judgment that was ultimately agreed to between the parties. However, GEICO's counsel invited testimony about the consent judgment when he asked plaintiffs' counsel to testify about GEICO's settlement conduct. Further, the plaintiffs never argued that information admitted about the consent judgment was enough on its own to satisfy their burden of proof. Rather, this information was only used to give the jury the big picture, or all of the circumstances involved in this case. *See Berges*, 896 So. 2d at 680. Therefore, the consent judgment information was inherent in the totality of the circumstances inquiry, which is how a jury must decide whether or not a party acted in bad faith. *See id*.

The district court did not abuse its discretion in admitting GEICO's Claims Manual for the same reason. Namely, evidence about the violation of a party's internal policies is appropriate to include in the totality of the circumstances inquiry as one indicator of possible bad faith. *See 50 State Sec. Serv., Inc. v.*

5

*Giangrandi*, 132 So. 3d 1128, 1134 (Fla. Dist. Ct. App. 2013).  Indeed, the district court made clear in its jury instructions that GEICO's policies and procedures could not alone constitute bad faith and were only one factor in the analysis under Florida law.

It was also not an abuse of discretion for the district court to admit statements made by the plaintiffs' expert that GEICO acted in bad faith.  The expert did not instruct the jury how to decide the case or give testimony that caused substantial prejudice to GEICO.  *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1258 (11th Cir. 2004).  The expert merely addressed the ultimate issue of bad faith, which was permissible under our circuit's caselaw and the Federal Rules of Evidence.  *See* Fed. R. Evid. 704; *Hanson v. Waller*, 888 F.2d 806, 812 (11th Cir. 1989).

Thus, there was no abuse of discretion.

### III.

For the foregoing reasons, there is no basis upon which to grant GEICO's renewed motion for judgment as a matter of law or motion for a new trial.

**AFFIRMED.**